[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Republic Credit Corporation, has brought a collection action against the defendants, Edward McCarty and Stanley M. Goldberg, for an outstanding note dated May 22, 1989, in the amount of $465,000. The note was issued in order to consolidate three outstanding accounts. Merchants Bank Trust Company (Merchants) was the initial lender on the note. In 1991, Merchants became insolvent and the Federal Deposit Insurance Corporation (FDIC) took over as receiver for Merchants on the note. Subsequently, the FDIC assigned the note to the plaintiff. CT Page 5034
The defendants have now moved for summary judgment (#123; Sh. Cal. 1/29/01; col. 5, p. 48) on the ground that the statute of limitations bars the plaintiff's action pursuant to General Statutes § 42a-3-118
(a) and (b).[1] The defendants argue that a February 2, 1991, letter sent by the FDIC to the defendants constitutes a demand letter for payment and, therefore, the applicable statute of limitations of six years has run and the defendants are entitled to summary judgment as a matter of law. The plaintiff contends that the letter in question from the FDIC does not constitute a demand letter, but rather merely informs the defendants that the FDIC was now the receiver of the note. The plaintiff argues that the applicable statute of limitations to bring an action is, therefore, ten years pursuant to General Statutes § 42a-3-118 (b).
A motion for summary judgment shall be granted "if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Milesv. Foley, 253 Conn. 381, 385, 752 A.2d 503 (2000). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citations omitted; internal quotation marks omitted.) Appleton v. Board of Education,254 Conn. 205, 209, 757 A.2d 1059 (2000).
In the present case, the defendants have not met their burden of proving the absence of a genuine issue of material fact which would entitled them to judgment as a matter of law. There is a genuine issue of material fact in dispute as to whether the FDIC intended the February 2, 1991, letter sent to the defendants to be a demand letter for payment. Furthermore, the court notes that "[s]ummary judgment procedure is particularly inappropriate where the inferences which the parties seek to have drawn deal with questions of motive, intent and subjective feelings and reactions." (Internal quotation marks omitted.) Suarez v. DickmontPlastics Corp., 229 Conn. 99, 111, 639 A.2d 507 (1994). Accordingly, the defendants' motion for summary judgment is hereby denied.
So Ordered.
Dated at Stamford, Connecticut, this 9th day of April, 2001
WILLIAM B. LEWIS, JUDGE
CT Page 5035